**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1960
_____

In re: W.R. GRACE & CO., et al.,

Reorganized Debtors

ANDERSON MEMORIAL HOSPITAL,

Appellant
_____

On Appeal from the District Court
for the District of Delaware
(D. Del. 1-16-cv-00799)
Honorable Leonard P. Stark, U.S. District Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 16, 2019

Before: KRAUSE, MATEY, and RENDELL, *Circuit Judges*

(Opinion filed: October 3, 2019)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Anderson Memorial Hospital ("AMH") appeals the District Court's order denying its motion to alter or amend the Bankruptcy Court's denial of class certification and granting W.R. Grace & Co.'s motion to dismiss its appeal. Because we agree with the District Court that AMH's appeal is barred by the Bankruptcy Plan in this case, we will affirm the District Court's order of dismissal.

## I. Discussion[1]

In rejecting AMH's argument that the Bankruptcy Court should alter or amend that court's denial of class certification, the Bankruptcy Court and District Court, respectively, concluded that "AMH is bound by the [Property Damage Case Management Order ("PDCMO")] to adjudicate its individual claim before commencing its class claims," JA 20, and that "a separate, independent ground for dismissing this appeal is that it is barred by the confirmed Plan," JA 34. AMH raises three arguments as to why that conclusion was in error, but none is persuasive.

First, AMH contends that "[b]y the express terms of the PDCMO, there is no applicable provision which does what Grace claims." Appellant's Br. 29–30. AMH is mistaken. As concerns the three proofs of claim that AMH filed—an individual claim

---

[1] The District Court had jurisdiction under 28 U.S.C. § 158(a)(1), and we have jurisdiction under 28 U.S.C. § 158(d)(1). *See In re Klaas*, 858 F.3d 820, 826 (3d Cir. 2017). In bankruptcy cases, "we 'stand in the shoes' of the district court and apply the same standard of review." *Id.* at 827 (quoting *In re Global Indus. Techs., Inc.*, 645 F.3d 201, 209 (3d Cir. 2011) (en banc)). We review the Bankruptcy Court's "legal determinations *de novo* . . . and its exercise of discretion for abuse thereof." *In re Trans World Airlines, Inc.*, 145 F.3d 124, 131 (3d Cir. 1998).

2

(No. 011008), a South Carolina class claim (No. 09914), and a worldwide class claim (No. 09911)—the Asbestos PDCMO, which is part of the Plan, provides that "[t]he Anderson Memorial class claims (Nos. 09911 and 09914) shall remain inactive unless and until there is a final, appealable order with respect to the Anderson Memorial individual claim (No. 011008)." JA 1243. And AMH's argument that other language in the PDCMO should be read to negate the import of this provision as concerns the denial of class certification fails because the PDCMO "specifically discusses AMH's claims," as the Bankruptcy Court noted. JA 20. Having failed to object to this provision at the confirmation hearing, AMH may not be heard to do so at this late date. *See In re Arctic Glacier Int'l, Inc.*, 901 F.3d 162, 166 (3d Cir. 2018) (noting that a confirmation order renders the entire Plan res judicata and bars all challenges to the Plan that could have been raised and decided at the confirmation hearing).

Second, AMH urges that Grace should be estopped from arguing that the confirmation order, to which the PDCMO was attached as an exhibit, was a final order with respect to class certification because it took "the exact opposite position when it successfully sought to dismiss AMH's appeal of the denial of class certification." Appellant's Br. 29. Here, AMH fails to distinguish between the Bankruptcy Court's order denying class certification, which we held was indeed an interlocutory order, Order, JA 42–43, and its order confirming the Plan, which was a separate and final order that precluded AMH from pursuing class claims until it had litigated its individual claim and that AMH had the opportunity to challenge concerning any objectionable term at the confirmation hearing.

3

Finally, AMH contends that the PDCMO is merely a sequencing and scheduling order that was and remains "modifiable." Appellant's Br. 32. As the Bankruptcy Court observed, however, the PDCMO is more than that: "[I]t provides the mechanism for ongoing adjudication of unresolved PD Claims after plan confirmation," and "[a]s part of the Plan that was confirmed, . . . AMH is bound by the [PDCMO] to adjudicate its individual claim before commencing its class claims." JA 20. Because AMH has not yet adjudicated that individual claim, the District Court correctly held that "its appeal of the denial of class certification is premature—and an improper collateral attack on the Plan— and must, for this reason . . . be denied." JA 34.

In sum, the District Court committed no legal error in dismissing AMH's appeal and declining to reach its arguments as to the Bankruptcy Court's denial of its motion to alter or amend, and denial of class certification.[2]

## II. Conclusion

For the foregoing reasons, we will affirm the District Court's order of dismissal.

---

[2] Because we agree that the Plan bars AMH's appeal, we also need not reach AMH's challenges to the Bankruptcy Court's denial of these motions. Nor need we address the District Court's alternative ground for dismissal, i.e., that this appeal should be dismissed because it is interlocutory.